# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2020

Lyle W. Cayce
Clerk

No. 18-41157

WEARREN FLOYD MURRELL,

*Petitioner—Appellant,*

*versus*

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

*Respondent—Appellee.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:17-CV-351

Before HIGGINBOTHAM, SMITH, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Wearren Floyd Murrell, Texas prisoner # 1520340, was convicted of one count of murder and two counts of aggravated robbery and sentenced to 30 years of imprisonment on each count. Murrell seeks a certificate of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2254 habeas application by the district court as time barred and the denial of his Federal Rule of Civil Procedure 59(e) motion to alter judgment. Murrell raises claims of ineffective assistance of counsel and an involuntary and void plea agreement. He urges that the violation of his rights as a foreign national under Article 36 of the Vienna Convention on Consular relations excuses any procedural default by him in regard to his § 2254 application. Murrell also argues that the district court should have held an evidentiary hearing on his claims.

To obtain a COA, Murrell must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When, as here, the district court's denial of relief is based upon procedural grounds without analysis of the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Murrell has not made the requisite showing. *See id.*

Murrell's motion for a COA is DENIED. A COA is not required to appeal the denial of an evidentiary hearing in a federal habeas proceeding. *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). Murrell's request for a COA on the evidentiary hearing issue is DENIED as unnecessary and the judgment is AFFIRMED as to that claim.